IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**	    **Crim. Action No. 1:19-CR-16-2**
    **(Kleeh)**

**BRENDAN BODDIE,**

    **Defendant.**

### SECOND ORDER DENYING COMPASSIONATE RELEASE

The Defendant, Brendan Boddie ("Boddie"), has requested compassionate release under 18 U.S.C. § 3582. The Court denied his motion on May 14, 2020. On August 25, 2020, the United States Court of Appeals for the Fourth Circuit vacated the denial because this Court did not consider all of Boddie's arguments. For the reasons discussed herein, the Court denies his motion.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

On May 2, 2019, Boddie pleaded guilty to Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).[1] On November 25, 2019, this Court sentenced him to 36 months of incarceration and 3 years of supervised release.[2]

---

[1] Boddie's prohibited status stemmed from a misdemeanor domestic violence conviction.
[2] The Court varied downward in its sentence. The applicable guideline range was 46 to 57 months of incarceration.

1

**SECOND ORDER DENYING COMPASSIONATE RELEASE**

On March 26, 2020, Boddie filed a pro se Motion for Compassionate Release [ECF No. 72]. The Court denied the motion based on a failure to exhaust administrative rights with the Bureau of Prisons ("BOP") [ECF No. 74]. Boddie then filed a Motion for Reconsideration [ECF No. 78], to which the Government responded [ECF No. 86].

Boddie writes that he is the sole caregiver for his grandparents, who are physically and mentally struggling. He also writes that his immediate family (his wife and three children) are financially struggling without him.

## II.  ANALYSIS

A defendant may request compassionate release for "extraordinary and compelling reasons," but such a request must first be presented to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the request or fails to respond within 30 days, a defendant may seek relief directly with the district court. Id. Thirty (30) days have now passed since Boddie's filing of his original motion, with no response from the BOP. Thus, the motion is now properly before the Court. See United States v. Gardner, No. 13-CR-0035(1)(PJS/SER), 2020 WL 1673315, at *1 (D. Minn. Apr. 6, 2020) (addressing the merits of a sentence reduction motion after 30 days passed from the BOP's receipt of the inmate's request even though the inmate failed to exhaust his right to

**SECOND ORDER DENYING COMPASSIONATE RELEASE**

administrative appeal of the BOP's denial). The defendant bears the burden to establish that he is eligible for a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may reduce an inmate's sentence under 18 U.S.C. § 3582 if an extraordinary and compelling reason exists that is "consistent with applicable policy statements issued by the Sentencing Commission" at U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A). The policy statement in U.S.S.G. § 1B1.13 provides that extraordinary and compelling reasons exist in two types of "family circumstances": "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(1)(C).

Boddie's motion focuses on his role as the sole caregiver to his disabled grandparents, which is not contemplated by the policy statement in the Sentencing Guidelines. Even accepting Boddie's caregiving responsibilities as true, the Court agrees with the Government that his role as a caregiver to his elderly grandparents does not establish an extraordinary and compelling circumstance for purposes of early release. See United States v. Goldberg, No.

**SECOND ORDER DENYING COMPASSIONATE RELEASE**

12-180(BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (finding that "[w]hile certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason'").[3] Further, the purported financial struggles of Boddie's family are not contemplated by the policy statement. Boddie has set forth no evidence indicating that his spouse, who is also the primary caregiver of his children, is incapacitated. Granting early release for Boddie for his listed reasons would be inconsistent with the policy statement set forth at U.S.S.G. § 1B1.13, which focuses on the availability of caretakers for a defendant's children and/or spouse.[4]

---

[3] The Court acknowledges that it is not unheard of for an inmate to be released under similar circumstances. See United States v. Bucci, No. 04-10194-WGY, 2019 WL 5075964, at *2-3 (D. Mass. Sept. 16, 2019) (finding extraordinary and compelling circumstances when defendant was the only available caregiver for an incapacitated parent). While the Court is sympathetic to Boddie's family issues, the Court disagrees that his circumstances are extraordinary and compelling. See United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 26, 2019) (denying compassionate release to care for ill mother because "[m]any, if not all inmates, have aging and sick parents").

[4] The Court notes that it varied downward in Boddie's sentence due, in part, to the family circumstances made subject of his pending motion. The Court also imposed a significant downward variant sentence for Boddie's wife (his co-defendant) for the same reasons, sentencing her to probation when her guideline range was 15-21 months on each of two counts (to run concurrently).

**SECOND ORDER DENYING COMPASSIONATE RELEASE**

### III. CONCLUSION

For the reasons discussed above, the Motion for Reconsideration is **DENIED AS MOOT** [ECF No. 78]. The Motion for Compassionate Release [ECF No. 72] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via CM/ECF; to the pro se Defendant via certified mail, return receipt requested; and to all appropriate agencies.

DATED: September 16, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE