# THE UNITED STATES COURT NORTHERN DISTRICT OF WEST VIRGINIA

1:19CR16-2

BRENDAN BODDIE
Appellee;

Civil Case NO: 1:20-cv-00120-TSK-2255
CASE NO: 1:20-cv-00120-TSK-MJA

V.S.

UNITED STATES
Appellant;

FILED
SEP 24 2020
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

- Motion For Release of Defendant Pending an Appeal per 18 U.S.C. 3143.

## (I) INTRODUCTION

- Petitioner Brendon R. Boddie, Pro Se, hereby requests to be granted release [and/or] bond, set forth by the court. Mr. Boddie meets all the criteria required under both prongs (b) and (c) within the statute while awaiting the outcome of Petitioners

(1)

filed habeaus corpus §2255 motion to vacate, set aside or reverse.

## (II) STATEMENT OF FACTS

- As the judicial officer will find clear and convincing evidence that Mr. Boddie is not likely to flee or pose a danger to any other person or the community.

- As prior to his incarceration he was in fact deemed qualified by this same court not to be so, and was granted a Pre-trial bond on his own recognizance. To which Mr. Boddie complied to every order set by the court. Mr. Boddie complied and also self-surrendered at the ordered time and date to serve his term of incarceration having adhered to all the requirements set forth by the court without incident.

- Mr. Boddie has an ample family support structure. Mr. Boddie previously petitioned the court for

(2)

compassionate release to care for his Elderly and physically/mentally disabled grandparents. Mr. Boddie was thier primary care giver and emergency contact during his time free from incarceration, being the closest family member he would frequently travel to thier home to tend to thier needs as they, (at the time) were not completely incapable of tending to themselves. Although since Mr. Boddie's incarceration thier health has deteriorated significantly. His grandfather, a decorated vietnam veteran, recently contracting CODVID-19 and about to undergo major surgery pertaining to his heart after already recieving two open heart surgeries prior, and his grandmother having had a massive stroke rendering her unable to use the entirety of the right side of her body and her mental state ever fading. Mr. Boddie would ask to be released to thier home (6664 Fox Den Rd. Manassas VA. 20112) to care for them while awaiting the results of his appeal.

° The Judicial officer will also find that there is a substantial likelihood that Mr. Boddie's

(3)

Motion to vacate his conviction will result in a reversal of his conviction and termination of his indictment.

- Due to the grounds raised within the 2255 motion, showing clear cut, irrefutable evidence to the fact that Rehaif v. The United States Supreme Court, directly effects the validity of Mr. Boddies indictment as a whole. As he was indicted prior to the Supreme Courts ruling, rendering his indictment VOID. As the newly enacted ruling made the previous statute[s] pertaining to 922(G) and 924(A)(2) "Invalid and unconstitutional", and required the burden of proof upon the Government to meet the added Element (MENS REA) to his indictment; to which it was not during the Grand Jury.

- The Prosecution instead had to constructively Amend Mr. Boddie's indictment unlawfully to meet the criteria for the newly amended statute to which Mr. Boddie was not originally indicted under, and proceed with his conviction without proper jurisdiction. Clear prosecutorial misconduct and furthermore led ultimetly to Mr. Boddies imprisonment under false

(4)

pre-tenses, goes to further show evidence to the point of the indictment to not only have never stood, but will be reversed and not be allowed to continue to be upheld as a matter of law.

- As the United States Supreme courts rulings are the Supreme law of our Government, thier ruling states clearly that the Statutorial Foundation to which the entirety to Mr. Boddie's indictment is and was based upon is to be Null and Void in the eyes of the law. Hence meaning Mr. Boddie is in fact being held in incarceration for having committed no crime and is in fact being held instead unlawfully.

- As the previous paragraph only partially covers the true extent of the Erroneous conviction of Mr. Boddie, he also raised numerous other arguments based on sound law practice to further solidify his inevitable reversal and release. He challenged the Plea Agreement signed under durress and threats from his counsel of lengthy prison sentences if he did not comply, as well as the stipulations therin being unconstitutional in itself, as no legal binding

(5)

contract may stand when it violates the United States Constitution and a United States citizens constitutional rights, rendering the agreement Invalid.
He also raised a Ineffective Counsel claim, and even still proved irrefutable facts of law towards the District Courts lack of Jurisdiction in the matter to begin with. As You cannot Accept an unconstitutional Plea agreement, built upon an Invalid indictment to which was stemmed from a Supreme Court ruled "Invalid and unconstitutional" statute.

- The Judicial officer will find Mr. Boddies appeal obviously is not for the purpose of delay and raises a substantial question of law and facts likely to result in a reversal as required by law.

- As Americans we find ourselves amid the COVID-19 pandemic currently raging throughout our country, and within the Federal Prison System. CODVID-19 has been confirmed to be spreading rapidly within the institution to which Mr. Boddie is currently incarcerated. And as I am sure you are aware, Mr. Boddie is indeed of African American descent,

(6)

and is more than 50% more likely to succumb to the fatal symptoms caused by the contractment of the virus, according to the CDC. As it has been proven the previous guidelines were inaccurate and age and health do not play considerable roles in who the virus can kill.

- According to numerous sources and the CDC, Mr. Boddie is far more likely to die from contracting the virus in the petri dish we call the Bureau of Prisons, as it would be far better to be preventative in removing him from an enviroment to which he cannot adequetly protect himself from the virus now that it has been confirmed it is here at the prison. Social distancing is literally impossible while incarcerated coupled with the building wide shared ventilation system not anywhere near adequate to filter the virus particles, and irresponsable and corrupt staff refusing to adhere to CDC + BOP guidelines. Mr. Boddie was not sentenced to death, yet he finds himself in a ticking time bomb, or death camp. The Court should consider this in rendering its decision.

- Finally Mr. Boddie would like the court to take

(7)

into consideration that while incarcerated Mr. Boddie has encountered extreme acts of racism and hate crimes by the hands of prison staff at the facility he has been housed. Upon attempting to expose a member of the "not so" secret white supremist organization operating through the hands of the prison staff, he has witnessed minorities beaten and kicked while handcuffed, and had his very life threatened by high ranking officers within the prison.

- Mr. Boddie ultimetly had a firearm drawn on him by an officer and was threatened to be beaten and Lynched for standing up for his constitutional rights in the face of them being violated, and not backing down to the unjust illegal and corrupt treatment by the racist staff employed at FCI Beckley.

- Mr. Boddie has filed multiple formal complaints on the Hate crimes committed towards himself, and other minority inmates to; "The office of proffessional Responsability, The civil Rights litigation Division, The office of the Inspector General, PREA, NAACP, ACLU, and made a formal criminal

(8)

° complaint with the the Federal Bureau of Investigation (FBI). As it was a hate crime committed against Mr. Boddie in threatening to assault and lynch him while brandishing a firearm.

° As stated previously, Mr. Boddie was not sentenced to death, nor should he or anyone else be subjected to this clear violation of his 8th Amendment right to be free and clear of cruel and unusual punishment. And to leave him to remain in an enviroment to which the very people employed to ensure his safety could instead, and made clear thier intentions to take his life or cause him serious bodily harm would be beyond wanton negligence on behalf of the court. These matters should be taken highly into consideration towards rendering a decision.

## (III) Conclusion

° As the Honorable Magistrate Aloi has once already deemed Mr. Boddie eligible, he asks with humble respect to take that into consideration in granting

(9)

him the same judgement again. The facts stated in his appeal are sound and based upon the law, and is in fact the main reason this court should grant this motion in Mr. Boddies favor, while awaiting the inevitable reversal of his charges. As him being held or detained any further would only serve to cause unneccessary further damage and harm towards not only himself, but to his family who depends on him greatly.

- As the judicial process is sometimes slow in taking a substantial amount of time to complete the workings of justice, there is no need to continue to hold Mr. Boddie through the entirety of the grueling process. As he has already proven to the courts his good intentions and trustworthyness and will self surrender [if] for some reason the judgement in his appeal were to be found against Mr. Boddie in the Governments favor.

- Mr. Boddie meets "ALL" the requirements and is a prime candidate to recieve a bond on his own recognizance.

(10)

- Please search your morals and character to grant Mr. Boddie's his release pending the appeal of his case. As there is no sense in continueing to keep an innocent man incarcerated and no greater good being had in the collateral damage being caused his loved ones by his absence.

- I thank you for your time and consideration.

Brendon R. Boddie
Reg #: 12862-087
FCI Beckley
P.O. Box 350
Beaver WV, 25813

Signed: *[signature]*

Date: 09-21-20

(11)