IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRENDAN BODDIE,

    Petitioner,

v.                                    Criminal Action No. 1:19cr16-2
                                      Civil Action No. 1:20cv120
                                      (Judge Kleeh)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING LETTER MOTION FOR GRAND JURY TRANSCRIPTS

On June 25, 2020, the *pro se* petitioner Brendan Boddie ("Boddie) filed a letter motion in letter seeking a "copy of the Grand Jury Minutes in my indictment" under the Freedom of Information Act. Boddie contends that these records are necessary for "evidence and research purposes" for his pending § 2255 motion. ECF No. 102. The motion is construed as a motion for a copy of the Grand Jury transcripts. For the reasons that follow, the Court **DENIES** his motion.

Rule 6(e) of the Federal Rules of Criminal Procedure governs secrecy and disclosure with regard to grand jury proceedings. The Supreme Court of the United States has stated that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Thus, the Court should not permit the disclosure of grand jury transcripts unless there is "a strong showing of particularized need." United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983); see also In re Grand Jury Proceedings, 800 F.2d 1293, 1298 (4th Cir. 1986). "[A]cross the board fishing expeditions" do not constitute a "particularized need." United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978).

Here, Boddie has made no showing of a "particularized need" for the grand jury materials. Rather, he states only that he desires to research the transcripts for purposes of his pending § 2255 motion. ECF No. 102.  However, Boddie has already filed his motion to vacate, and has refiled it on a Court-approved form.  To the extent that Boddie is claiming that the grand jury transcripts are needed to further prepare his pending § 2255 motion, he has not offered sufficient explanation for this Court to determine whether the production and release of the transcripts would indeed be appropriate. Therefore, given the need for continued secrecy of grand jury proceedings and Boddie's lack of a "particularized need," the Court concludes that he is not entitled to the transcripts he seeks. Boddie's motion [ECF No. 102] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to the *pro se* Petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: October 8, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE